**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4293

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIJON CHSIREA DAMON BURGOS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:20-cr-00101-MR-WCM-1)

Submitted:  July 26, 2022                          Decided:  August 5, 2022

Before NIEMEYER and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  D. Baker McIntyre III, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kijon Chsirea Damon Burgos appeals the 180-month sentence imposed after he pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but inquiring about the validity of Burgos' sentence, which was enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Burgos has filed a motion requesting leave to file an out-of-time pro se supplemental brief. We grant his motion. In his pro se brief, Burgos raises additional challenges to the application of the ACCA sentencing enhancement. The Government has declined to file a response brief. Finding no error, we affirm.

We review a criminal sentence for procedural and substantive reasonableness, applying an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Our review first looks to whether the district court committed any procedural errors, which might include "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012) (cleaned up).

In reviewing a sentence for substantive reasonableness, we examine "the totality of the circumstances." *Gall*, 552 U.S. at 51. "[W]e are obliged to apply a presumption of

2

reasonableness to a sentence within or below a properly calculated [G]uidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). "That presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

We have considered the claims raised in the *Anders* and pro se briefs and conclude that Burgos' sentence is procedurally and substantively reasonable. Burgos' Guidelines range was correctly calculated and a 15-year statutory mandatory minimum sentence applied. The district court adopted the Guidelines range set forth in Burgos' presentence report, considered counsel's argument regarding the § 3553(a) factors, afforded Burgos an opportunity to allocute, and imposed the statutory mandatory minimum sentence applicable to Burgos' conviction. Neither Burgos' youth at the time of his prior convictions nor the fact that his previous convictions were consolidated for sentencing calls into question the use of those convictions for imposing a sentence under the Armed Career Criminal Act. *See Wooden v. United States*, 142 S. Ct. 1063, 1067, 1071 (2022); *United States v. Wright*, 594 F.3d 259, 263-64 (4th Cir. 2010). We discern no basis on which to question the reasonableness of Burgos' sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Burgos, in writing, of the right to petition the Supreme Court of the United States for further review. If Burgos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Burgos.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*